UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY NOBLE,<br><br>                Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>                Respondent. | Case No.: 20-cv-2020-WQH (DEB)<br><br>**REPORT & RECOMMENDATION RE: MOTION TO DISMISS**<br><br>**[DKT. NO. 14]** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to Title 28, United States Code § 636(b), and Civil Local Rules 72.1.d and HC.2.

**I.    Introduction**

On September 30, 2020, Petitioner constructively filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 1. On December 17, 2020,

---

[1] The Court uses constructive filing dates for all of Petitioner's filings while incarcerated. *See Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir. 2000) (applying the "mailbox rule" to state court filings for post-conviction relief).

Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion") under the one year statute of limitations contained in 28 U.S.C. § 2244(d). Dkt. No. 14. On January 4, 2021, Petitioner filed his Objection to Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and Motion to Strike Same for Lack of Standing Upon Entry of Default and Judgment in Favor of Petitioner in Case No. 20-cv-0541 ("Opposition"). Dkt. No. 16. Having reviewed the parties' filings and for the reasons discussed below, the Court recommends GRANTING the Motion.

## II.     Procedural Background

On October 24, 2016, Petitioner pled guilty in the San Diego County Superior Court to one count of second degree murder in violation of California Penal Code § 187(a) and admitted a firearms enhancement under California Penal Code § 12022(a)(1). Dkt. No. 15-13 at 10–13.[2] On January 6, 2017, the Superior Court entered judgment and sentenced Petitioner to fifteen years to life in prison pursuant to a stipulated plea agreement. Dkt. No. 15-31 at 10–13. Petitioner waived his right to appeal. Dkt. No. 15-13 at 11.

On August 19, 2019, nearly three years later, Petitioner filed a Motion to Recall in the Superior Court, arguing the Superior Court lacked jurisdiction over his conviction. Dkt. Nos. 15-17 at 2–15; 15-18 at 1–11. On August 30, 2019, the Superior Court denied the Motion to Recall because it was "untimely" and "nonsensical." Dkt. No. 15-39 at 109. On October 1, 2019, Petitioner made a similar argument in an Amended Notice and Motion to Vacate a Void Judgment for Lack of Jurisdiction ("Motion to Vacate"). Dkt. Nos. 15-25 at 9–15; 15-26 at 1–9. On November 8, 2019, the Superior Court denied his Motion to Vacate because it had already addressed his argument in the August 30, 2019 order. Dkt. No. 15-39 at 108.

---

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the docket and page numbers assigned by the Court's CM-ECF system.

On January 27, 2020, Petitioner filed petitions for writ of mandate in both the Superior Court (Dkt. Nos. 15-27 at 1–15; 15-28 at 1–7) and the California Court of Appeal (Dkt. No. 15-34), arguing that the Superior Court lacked jurisdiction over his second degree murder case.

On February 7, 2020, the Court of Appeal denied his petition for writ of mandate without comment. Dkt. No. 15-35.

On February 13, 2020, the Superior Court also denied the petition, finding Petitioner had not alleged any supporting facts. Dkt. No. 15-28 at 8–10. The Superior Court also evaluated Petitioner's argument as a petition for writ of habeas corpus and concluded Petitioner could not make a prima facie showing of entitlement to habeas relief. *Id*.

On February 20, 2020, Petitioner filed an appeal of the Superior Court's February 13, 2020 order in the Court of Appeal. Dkt. Nos. 15-28 at 12–15; 15-29 at 1–6. The Court of Appeal affirmed the Superior Court's denial of the petition for writ of mandate. Dkt. No. 15-36.

On February 20, 2020, Petitioner also filed a petition for writ of habeas corpus in the Court of Appeal alleging he "discovered new exculpatory evidence" that established the Superior Court entered an "invalid and unlawful order/judgment in wanton disregard for authority [over] both personal and subject matter jurisdiction . . . ." Dkt. No. 15-37 at 3. The Court of Appeal denied the petition without prejudice because Petitioner did not bring his claims to the Superior Court in the first instance. Dkt. No. 15-38.

On March 17, 2020, Petitioner filed a second petition for habeas corpus relief in the Court of Appeal re-raising his jurisdictional argument. Dkt. No. 15-39. On April 3, 2020, the Court of Appeal denied his petition, finding the Superior Court had jurisdiction over Petitioner's criminal case. Dkt. No. 15-40.

In April 2020, Petitioner filed two petitions for writ of habeas corpus in the California Supreme Court arguing the Superior Court did not have jurisdiction over his criminal case. Dkt. Nos. 15-41; 15-43. The Court denied his petitions without comment on April 16, 2020 (Dkt. No. 15-42) and May 27, 2020 (Dkt. No. 15-44).

On September 30, 2020, Petitioner filed this Petition in the Eastern District of California. Dkt. No. 1. On October 1, 2020, the Petition was transferred to this Court. Dkt. No. 3.

**III.   The Petition is Time Barred Under AEDPA**

This Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. *See Wixom v. Washington*, 264 F.3d 894, 895 (9th Cir. 2001) ("Since April 24, 1996, state prisoner habeas petitions have been subject to the statute of limitations enacted as part of the [AEDPA]."). Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The Superior Court entered judgment in Petitioner's criminal case on January 6, 2017. Dkt. No. 15-31 at 10–11. Because Petitioner did not file an appeal, his conviction became final sixty days later, on March 7, 2017. Cal. Rules of Court, Rule 8.308(a); *see*

*also Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (explaining a conviction is final sixty days after the Superior Court proceedings are concluded under California law). Thus, absent a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(C)–(D) or tolling, Petitioner had one year, until March 8, 2018, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A).

Petitioner does not argue subparagraphs (B) through (D) delay the start of the AEDPA limitations period and subparagraphs (B) and (C) plainly do not apply. Although Petitioner does not expressly contend subparagraph (D) applies, his Petition states he "has recently discovered new exculpatory verified evidence" to support his claim the prosecutor did not disclose "a verified charging instrument." Dkt. No. 1 at 4. The Court, therefore, examines the applicability of these statements in the context of AEDPA's limitations period.

Under subparagraph (D), the limitations period begins to run when previously undiscoverable evidence upon which the habeas claim is predicated is discovered. 28 U.S.C. § 2244(d)(1)(D); *see Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001) ("If [the petitioner] did not have, or with the exercise of due diligence could not have had, knowledge of the factual predicate of [all] elements of his claim [the limitations period is delayed until such discovery]."). Petitioner's claim is not based on previously unavailable facts. Instead, Petitioner's claim alleges the prosecutor filed a defective charging instrument. This is not previously undiscoverable evidence. Petitioner knew, or should have known through diligence, about the charging instrument well before the date his conviction became final (March 7, 2017). The AEDPA limitations period, therefore, began to run the following day and Petitioner then had one year, until March 8, 2018, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Because he did not file this action until September 30, 2020 (Dkt. No. 1), more than two and a half years after the limitations period expired, this Court next analyzes whether Petitioner is entitled to statutory or equitable tolling.

/ /

### A. Statutory Tolling

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008) (citations and internal quotations omitted; emphasis in original). In California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222–223 (2002)).

Here, Petitioner did not seek post-conviction relief until he filed his Motion to Recall in the Superior Court on August 19, 2019, well after the AEDPA statute of limitations expired. Dkt. Nos. 15-17 at 2–14; 15-18 at 1–11. Thus, the pendency of that motion, or any other petition later filed by Petitioner, could not toll the already-expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding statutory tolling is not available when first state habeas petition is filed after the AEDPA limitations period has expired); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Furthermore, the Superior Court denied Petitioner's Motion to Recall as untimely under California state law. Dkt. No. 15-39 at 109. Untimely or procedurally defective state petitions are improperly filed and do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [Pennsylvania Post Conviction Relief Act] petition as untimely, it was not 'properly filed,' and he is not

entitled to statutory tolling under § 2244(d)(2).").  Thus, Petitioner's claims are not subject to statutory tolling.

### B. Equitable Tolling

Equitable tolling is available when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Equitable tolling is unavailable in most cases because "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), *cert. denied*, 531 U.S. 878 (2000)).

Petitioner, who "bears the burden of showing that equitable tolling is appropriate," has not set forth any facts or arguments supporting equitable tolling. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Furthermore, the Court's examination of the record has not revealed any evidence that Petitioner diligently pursued his post-conviction rights or that an extraordinary circumstance prevented him from doing so. There is no apparent reason he could not have pursued post-conviction relief based on his jurisdictional challenge to his conviction before the AEDPA limitations period expired. Petitioner, therefore, is not entitled to equitable tolling of the limitations period.

### IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED the District Court GRANT Respondent's Motion to Dismiss (Dkt. No. 14) because the Petition was not filed within the AEDPA's period of limitations and is not subject to tolling. 28 U.S.C. § 2244(d).

IT IS HEREBY ORDERED that **on or before August 13, 2021,** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served **within seven (7) days of the filing of the objections**. The parties are advised that failure

//

to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

      IT IS SO ORDERED.

Dated: July 26, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge